# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

LAW OFFICES OF SHIMSHON
WEXLER, P.C., a New York professional
company, individually and as the
representative of a class of similarly-
situated persons,

    Plaintiff,

v.

AICOM SOLUTIONS LLC d/b/a AICOM
CORPORATION; TIME WARNER CABLE
LLC d/b/a SPECTRUM; TIME WARNER
CABLE MEDIA LLC; CHARTER
COMMUNICATIONS INC.; CHARTER
COMMUNICATIONS OPERATING LLC;
and JOHN DOES 1–10,

    Defendants.

Case No. 1:17-cv-08573-AKH

**CIVIL CASE MANAGEMENT PLAN**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 3/1/18

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.     The case is not to be tried to a jury.

B.     Non-Expert Discovery:

    1.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by February 1, 2019, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

        a.     The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

   2.     To allow for early consideration of potentially dispositive issues and to promote judicial and litigation efficiency and economy, non-expert discovery will be bifurcated into two phases:

        a.     Through May 4, 2018: Plaintiff Law Office of Shimshon Wexler, P.C.'s claims, including standing to assert those claims;

        b.     September 1, 2018-February 1, 2019: All remaining non-expert discovery.

   3.     Joinder of additional parties must be accomplished by <u>March 16, 2018</u>.

   4.     Amended pleadings may be filed without leave of the Court until <u>March 16, 2018</u>.

C.     For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D.     Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

   1.     Upon the conclusion of each phase of discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be <u>45 days after the Court rules on Plaintiff's Fed. R. Civ. P. 23 motion for class certification</u>. (Counsel shall insert 30 days after the completion date for non-expert discovery)

        a.     There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.     Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

    2.    Either before or after the motion schedule set out above, counsel for parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is <u>July 18, 2018</u>, at <u>10:00 a.m.</u> (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

    3.    Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on _March 1, 2019_, at _10_ a.m. (The Court will set this date at the Initial Case Management Conference.)

E.    Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.    A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G.    Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rule 1(D). Unless the Court rules otherwise, motions shall not modify or delay the conduct of discovery or the schedules provided in this Case Management Plan.

3

SO ORDERED.

DATED:   New York, New York

          Feb. 23, 2018

                                  ALVIN K. HELLERSTEIN
                                  United States District Judge

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
| --- | --- |
| 1. Written discovery requests, including Rule 33 Interrogatories, Rule 34 Producing Documents, Electronically Stored Information, and Tangible Things, and Rule 36 Requests for Admission. | Phase 1: May 4, 2018<br><br>Phase 2: February 1, 2019 |
| 2. Rule 45 subpoenas for documents and for deposition testimony | Phase 1: May 4, 2018<br><br>Phase 2: February 1, 2019 |
| 3. Rule 30 Depositions by Oral Examination. The parties do not anticipate needing more than the number allowed under Rule 30. | Phase 1: May 4, 2018<br><br>Phase 2: February 1, 2019 |
| 4. Expert discovery. | To be determined |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. **PLAINTIFF'S CLAIMS:**

Count I—Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). $500-$1,500 per violation of the TCPA. Plaintiff is pursuing its TCPA Count on behalf of a class of similarly situated persons or entities. Plaintiff does not yet know how many putative class members there are. As a result, Plaintiff does not know the total monetary damages it will ultimately seek if the Court certifies this Action as a Class Action under Fed. R. Civ. P. 23. Additionally, Plaintiff will pursue discovery relating to whether any of the defendants willfully or knowingly violated the TCPA. If the defendants did willfully or knowingly violate the TCPA then the Court may treble the damages awarded to Plaintiff and the putative class from $500 to $1,500.

Count II—Common law Conversion. Plaintiff seeks actual damages, punitive damages, attorney's fees and costs of suit under its Conversion Count. Plaintiff does not yet know the amount of actual damages, but stipulates that the amount of actual damages is less than $500. Plaintiff brings the Conversion Count on behalf of a class of similarly situated persons or entities. Plaintiff does not yet know how many putative class members there are. As a result, Plaintiff does not know the total monetary damages it will ultimately seek if the Court certifies this Action as a Class Action under Fed. R. Civ. P. 23.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

There are no pending counterclaims or cross-claims.

3. **THIRD-PARTY CLAIMS:**

There are no pending third-party claims.